Hart, J.,
 

 dissenting. In my view the decision of this court in the case of
 
 Mitchell, Admx.,
 
 v.
 
 Great Eastern
 
 
 *102
 

 Stages, Inc.,
 
 140 Ohio St., 137, 42 N. E. (2d), 771, 141 A. L. R., 624, is not controlling in the instant case. The policy here in question indemnified the Glenn Cartage Company against loss resulting from its negligence “while operating any vehicle * * * in private motor carrier service,” and, by special endorsement, extended such coverage to “all automobiles and trailers *
 
 * *
 
 hired by the named insured * * # only when such *
 
 *
 
 * hired equipment is being operated exclusively in the interest of the named insured * * *,” which was the Glenn Cartage Company.
 

 Here, the truck was hired by the Glenn Cartage Company, but it was owned by Peter Yona whose obligation under the contract of hiring was to maintain the truck and keep it in repair at his own expense.
 

 When the accident happened, the truck was not “being operated exclusively in the interest of the named insured,” but was being operated by Yona, the owner, for the purpose of such maintenance and repair, in accordance with the express provisions of his contract.
 

 Yona was not acting as an employee of the cartage company in having its truck repaired under its direction as in the
 
 Mitchell case;
 
 neither was he engaged as an independent contractor in transporting property for the insured at the time of the accident, but he had personal control of his own property while it was entirely disconnected from the service of the cartage company. He selected the place of its repair, not in his home city, but in Akron and thereby made necessary the trip which resulted in the accident.,
 

 In my opinion, to extend coverage, under the circumstances, to this accident, is to rewrite the policy of insurance.
 

 Matthias, J., concurs in the foregoing dissenting opinion.